UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| RICARDO RAMIREZ, | : | **REPORT AND** |
| Plaintiff, | : | **RECOMMENDATION TO THE HONORABLE** |
| -against- | : | **KIMBA M. WOOD** |
| CORRECTION OFFICER SALMAN, et al., | : | 04 Civ. 8853 (KMW)(FM) |
| Defendants. | : | |

-----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

   This civil rights action alleging excessive use of force is brought by pro se plaintiff Ricardo Ramirez ("Ramirez"), a former detainee at Rikers Island ("Rikers"), against several defendants.  On January 31, 2005, Your Honor referred the action to me for general pretrial supervision and to report and recommend on dispositive motions.  Thereafter, Ramirez was released from custody at Rikers on or about February 27, 2006.  Since then, however, he has failed to notify the Court or opposing counsel of his whereabouts.  Moreover, he has failed to respond to deposition notices and orders sent to his last known address.  Accordingly, as detailed below, I recommend that this action be dismissed without prejudice.

I.  Background

   On February 7, 2006, I held a telephone conference with Ramirez and opposing counsel, during which I scheduled a further telephone conference for April 26,

2006 at 10 a.m. (Docket No. 20). This oral directive was memorialized in a written Order sent to Ramirez at Rikers by certified mail the following day. Ramirez acknowledged the delivery of that Order by signing the return receipt, which was returned to my Chambers on February 14, 2006.

On April 25, 2006, Assistant Corporation Counsel Basil C. Sitaras, who represents several of the defendants, advised me that Ramirez had failed to appear for his deposition that day. (See letter from Ass't Corp. Counsel Basil C. Sitaras to the Court ("Sitaras April Letter"),[1] at 1; Aff. of Mr. Sitaras, dated June 6, 2006 ("Sitaras Aff."), ¶¶ 4, 7-8). Mr. Sitaras' letter further indicated that Ramirez had been released from custody on February 27, 2006, and thereafter had unsuccessfully sought to retain as his counsel Giancarlo Terilli, Esq., who had provided Mr. Sitaras with an address for Ramirez. That address was "c/o Wilfredo Colon, 244 Hylan Street, Staten Island, New York  10305." (See Sitaras April Letter at 1 n.1; Sitaras Aff. ¶ 5).

The following day, I held the previously-scheduled telephone conference, but Ramirez did not participate. I therefore issued an Order, dated April 26, 2006, which directed Ramirez to furnish the Court and opposing counsel with his new contact information and appear for his deposition by May 26, 2006. (Docket No. 32). The Order further cautioned that if Ramirez failed to comply, I would recommend to Your Honor that this case be dismissed. (Id.). A copy of the Order was sent to Ramirez by certified

---

[1] The letter is dated April 4, but plainly was prepared on April 25, 2006. (See Sitaras April Letter at 1).

mail at the Hylan Street address provided to Mr. Sitaras by Mr. Terilli. It seems clear that Ramirez received the Order since he signed a return receipt which was delivered to my Chambers by the Postal Service.

On May 10, 2006, Mr. Sitaras sent a second notice of deposition to Ramirez at the Hylan Street address. The notice stated that Ramirez's deposition would be taken on May 23, 2006. (Sitaras Aff. ¶¶ 10-11). Although the notice was never returned to Mr. Sitaras by the Postal Service, Ramirez again failed to appear. (Id. ¶¶ 12, 13).

By letter dated May 25, 2006, Mr. Sitaras advised me that Ramirez had once again failed to appear for his deposition, and he sought the dismissal of this action without further proceedings.[2] (See letter from Mr. Sitaras to the Court, dated May 25, 2006, at 1). A copy of that letter was sent to Ramirez at the Hylan Street address by first class mail and was not returned to Mr. Sitaras. (Id. at 3; Sitaras Aff. ¶ 13).

By memorandum endorsement dated May 30, 2006, I directed Mr. Sitaras to submit an affidavit setting forth the events that had transpired since Ramirez's receipt of the Court's April 26th Order, including, in particular, a description of "the manner in which Mr. Ramirez was notified of the [May 23rd] deposition and any contact [Mr. Sitaras or his co-counsel] . . . had with Mr. Ramirez since [April 26th]." (Docket No. 33). Mr. Sitaras submitted that affidavit on June 6, 2006. Although Mr. Sitaras also sent

---

[2] By letter dated May 30, 2006, Matthew Paulose, Jr., the attorney for defendants Salmon and Alioses, joined in this application.

a copy of his affidavit to Ramirez at the Hylan Street address, Ramirez has made no effort to contact the Court.  (See Sitaras Aff. at 3).

II.     Discussion

In LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206 (2d Cir. 2001), the Second Circuit noted that "Rule 41(b) [of the Federal Rules of Civil Procedure] . . . gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute," but cautioned that dismissal "remains 'a harsh remedy to be utilized only in extreme situations.'"  Id. at 209 (quoting Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972)).  The court also identified five factors that a district judge should consider in determining whether to dismiss a plaintiff's case for want of prosecution:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Id. (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)) (brackets in original).

Here, each of the relevant factors augurs in favor of the dismissal of this action.  First, Ramirez has had no contact with this Court for nearly six months, during which time discovery has been at a standstill.  Indeed, apart from contacting an attorney who declined to represent him, Ramirez has taken no steps to prosecute this action since

he was released from custody on February 27, 2006.  It further is clear that Ramirez was adequately warned of the consequences of his inaction since my April 26th Order unambiguously stated that I would recommend that his case be dismissed if he failed to notify the Court of his current address and appear for his deposition.

Through his inaction, Ramirez has placed the defendants in the unenviable situation of being accused of civil rights violations, but unable to test his allegations of excessive use of force through the crucible of pretrial discovery.  Moreover, because Ramirez has failed to respond to any notices or orders sent to him, there is no way to know when, if ever, he might be willing to proceed with this action.

For these reasons, I recommend that this case be dismissed without prejudice.  See King v. Barnhart, No. 98 Civ. 6827 (LMM), 2003 WL 22024993, at *1 (S.D.N.Y. Aug. 27, 2003) ("Because plaintiff appears pro se and the Court is without information as to why plaintiff has not proceeded nor even furnished the Court with an address, the dismissal will be without prejudice.").  I note that Ramirez will have one last opportunity to salvage his case since the Federal Rules of Civil Procedure afford him an opportunity to file objections to this Report and Recommendation.

III.    Conclusion

For the foregoing reasons, this action should be dismissed without prejudice.

IV.  <u>Notice of Procedure for Filing of Objections to this Report and Recommendation</u>

The parties shall have ten days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. <u>See also</u> Fed. R. Civ. P. 6(a) and (e). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Kimba M. Wood, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, NY 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Wood. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. <u>See</u> Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:   New York, New York
         September 6, 2006

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Hon. Kimba M. Wood
United States District Judge

Basil C. Sitaras, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York  10007-2601
Fax:   (212) 788-9776

Mathew Paulose, Jr., Esq.
Koehler & Isaacs, LLP
61 Broadway, 25th Floor
New York, NY  10006
Fax:   (212) 791-4115

Ricardo Ramirez
c/o Wilfredo Colon
244 Hylan Street
Staten Island, New York  10305